SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
------------------------------------X
BETTY DORCE EXUME, as ADMINISTRATRIX OF
THE ESTATE OF ANTONIDE DORCE, deceased, and
BETTY DORCE EXUME, individually, JACQUELINE
BERTRAND and MARIE LILIANE MILARD,

        Plaintiffs,

-against-

GREYHOUND LINES, INC.,

        Defendant.
------------------------------------X

Index # 017878/06
Date of filing: 11-1-06

Plaintiffs designate Nassau
County as the place of trial

Basis of the venue is Plaintiff's
residence

**SUMMONS**

Plaintiff resides at
15 Oliver Avenue
Valley Stream, New York 11580

County of Nassau

### TO THE ABOVE NAMED DEFENDANT:

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiffs' Attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in the case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

**Defendant's address:**
GREYHOUND LINES, INC.
15110 North Dallas Parkway
Dallas, Texas 75248-4635

GREYHOUND LINES, INC.
c/o CT Corporation System
111 Eighth Avenue
New York, New York 10011

**Plaintiff's attorneys:**
RUBENSTEIN & RYNECKI
16 Court Street, Suite 1717
Brooklyn, New York 11241
(718)522-1020

Dated: Brooklyn, New York
      October   , 2006

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
----------------------------------------X
BETTY DORCE EXUME, as ADMINISTRATRIX OF         Index No.: 017878/06
THE ESTATE OF ANTONIDE DORCE, deceased, and
BETTY DORCE EXUME, individually, JACQUELINE
BERTRAND and MARIE LILIANE MILARD,
                                                COMPLAINT
        Plaintiffs,

    -against-

GREYHOUND LINES, INC.,

        Defendant.
----------------------------------------X

Plaintiffs, by their attorney, RUBENSTEIN & RYNECKI, complaining of the defendants herein, upon information and belief, respectfully show to this Court, and allege as follows:

### AS AND FOR A FIRST CAUSE OF ACTION
### ON BEHALF OF BETTY DORCE EXUME, as ADMINISTRATRIX
### OF THE ESTATE OF ANTONIDE DORCE, deceased

1. That at all times hereinafter mentioned, the plaintiffs were and still are residents of the County of Nassau, State of New York.

2. That prior to the commencement of this action, BETTY DORCE EXUME was appointed administratrix of ANTONIDE DORCE, decedent plaintiff by Order of the Honorable John B. Riordan, Surrogate of the County of Nassau, dated October 6, 2006.

3. That on August 28, 2006, and at all times hereinafter mentioned, the defendant, GREYHOUND LINES, INC., was and is a corporation duly organized and existing under and by virtue of the laws of the State of New York.

4. That on August 28, 2006, and at all times hereinafter mentioned, the defendant, GREYHOUND LINES, INC., was and is a business entity duly organized and existing under and by virtue of the laws of the State of New York.

5. That on August 28, 2006, and at all times hereinafter mentioned, the defendant, GREYHOUND LINES, INC., was and is a corporation and/or business entity duly licensed to transact business in the State of New York.

6. That on August 28, 2006, and at all times hereinafter mentioned, the defendant, GREYHOUND LINES, INC., conducted business and maintained offices within the State of New York.

7. That on August 28, 2006, and at all times hereinafter mentioned, and upon information and belief, the defendant, GREYHOUND LINES, INC., owned a bus designated as bus number 4014.

8. That on August 28, 2006, and at all times hereinafter mentioned, and upon information and belief, RONALD BURGESS, an employee of the defendant, GREYHOUND LINES, INC., operated a bus designated as bus number 4014.

9. That on August 28, 2006, and at all times hereinafter mentioned, and upon information and belief, RONALD BURGESS, an employee of the defendant, GREYHOUND LINES, INC., controlled a bus designated as bus number 4014.

10. That on August 28, 2006, and at all times hereinafter mentioned, and upon information and belief, RONALD BURGESS, an employee of the defendant, GREYHOUND LINES, INC., operated and controlled a bus designated as bus number 4014.

11. That on August 28, 2006, and at all times hereinafter mentioned, and upon information and belief, RONALD BURGESS, an employee of the defendant, GREYHOUND LINES, INC., operated and controlled a bus designated as bus number 4014, with the knowledge, permission and consent of the defendant, owner, GREYHOUND LINES, INC.

12. That on August 28, 2006, and at all times hereinafter mentioned, RONALD BURGESS, was employed by the defendant, GREYHOUND LINES, INC.

13. That on August 28, 2006, and at all times hereinafter mentioned, RONALD BURGESS, an employee of the defendant, GREYHOUND LINES, INC., was operating the aforesaid bus owned by the defendant, GREYHOUND LINES, INC., within the scope of his employment.

14. That on August 28, 2006, and at all times hereinafter mentioned, the plaintiff, decedent, ANTONIDE DORCE, was a legal passenger in the bus designated as bus number

4014.

15. That on August 28, 2006, and at all times hereinafter mentioned, at or near mile marker 115 on the Interstate 87, Adirondack Northway, County of Essex, State of New York, was and still is a public highway used extensively by the public in general.

16. That on August 28, 2006, the aforesaid bus skidded off the road crashing through a guardrail which caused the bus to plunge down a steep embankment.

17. That on August 28, 2006, the foregoing collision solely occurred as a result of the defendants' negligence.

18. That by reason of the foregoing and the negligence of the defendants, the plaintiff, decedent, ANTONIDE DORCE, sustained serious, severe, and permanent injuries resulting in the death of the plaintiff, ANTONIDE DORCE.

19. That by reason of the wrongful, negligent and unlawful actions of the defendants, as aforesaid, the plaintiff, the decedent, ANTONIDE DORCE, sustained serious injuries as defined in the Insurance Law of the State of New York, and has sustained economic loss greater than basic economic loss as defined in said Insurance Law.

20. The plaintiff, decedent, ANTONIDE DORCE, sustained conscious pain and suffering prior to her death.

21. That by reason of the wrongful, negligent and unlawful actions of the defendants, as aforesaid, the plaintiff, ANTONIDE DORCE, was severely injured, bruised and wounded, suffered, great bodily injuries which resulted in death.

22. Plaintiff claims all damages recoverable under NEW YORK STATE LAW, including pecuniary damages, loss of services and financial and burial expenses.

23. This action falls within one or more of the exceptions set forth in CPLR §1602.

24. The plaintiff herein rely on the doctrine of vicarious liability.

25. That as a result of the defendants' negligence as aforesaid, this plaintiff, BETTY DORCE EXUME, as ADMINISTRATRIX OF THE ESTATE OF ANTONIDE DORCE, deceased,

sustained damages both compensatory and exemplary in an amount exceeding the jurisdictional limits of all the lower Courts.

### AS AND FOR A SECOND CAUSE ON BEHALF OF BETTY DORCE EXUME, as ADMINISTRATRIX OF THE ESTATE OF ANTONIDE DORCE, deceased- WRONGFUL DEATH

26. The plaintiffs repeat and realleges each and every allegation set forth above numbered "1" through "25" inclusive with the same force and effect as if more fully set forth at length herein.

27. That on August 28, 2006, the plaintiff, the decedent, ANTONIDE DORCE, died at the age of 81 as a result of the negligence of the defendants.

28. The plaintiff, decedent, ANTONIDE DORCE, was caused to sustained such injuries that resulted in death due to the negligence of the defendants as a result thereof the plaintiff decedent, ANTONIDE DORCE was caused to sustained wrongful death as herein described.

29. That as a result of the defendants' negligence as aforesaid, the plaintiff, BETTY DORCE EXUME, as ADMINISTRATRIX OF THE ESTATE OF ANTONIDE DORCE, deceased, sustained damages in an amount exceeding the jurisdictional limits of all the lower Courts.

### AS AND FOR A THIRD CAUSE OF ACTION FOR CONSCIOUS PAIN AND SUFFERING TO DECEDENT ANTONIDE DORCE

30. The plaintiffs repeat and realleges each and every allegation set forth above numbered "1" through "29" inclusive with the same force and effect as if more fully set forth at length herein.

31. The plaintiff, the decedent, ANTONIDE DORCE, resided in the County of Nassau, State of New York.

32. Upon information and belief, and at all times mentioned herein, the plaintiff, decedent, ANTONIDE DORCE, died intestate on August 28, 2006.

33. The plaintiff, decedent, ANTONIDE DORCE, was the mother of the plaintiff, BETTY DORCE EXUME.

34. That on and prior to August 28, 2006, the plaintiff, decedent, ANTONIDE DORCE, resided in the County of Nassau, State of New York and the plaintiff, BETTY DORCE EXUME, resided in the County of Columbia, State of Georgia.

35. That on August 28, 2006, the plaintiff, decedent, ANTONIDE DORCE, was a legal passenger in the bus designated as bus number 4014.

36. That on August 28, 2006, and at all times hereinafter mentioned, and upon information and belief, RONALD BURGESS, was an employee of the defendant, GREYHOUND LINES, INC., operated and controlled the bus designated as bus number 4014 where the plaintiff, decedent, ANTONIDE DORCE, was a legal passenger.

37. The above referenced occurrence caused the plaintiff, decedent, ANTONIDE DORCE, to sustain serious personal injuries, severe conscious pain and suffering and preimpact terror, ultimately resulting in her death.

38. That as a result of the foregoing, the plaintiff, decedent, ANTONIDE DORCE, was caused to suffer "serious injuries" as defined by subdivision (d) of Section 5102 of the Insurance Law of the City of New York and is a covered person entitled to recover for such economic loss including pain, suffering, disfigurement and death, to be sick, sore, lame and disabled, suffered serious injuries, extreme pain and suffering about her head, body and limbs, and upon information and belief died and during the period prior to her death suffered extreme, conscious pain and suffering and mental anguish.

39. This action falls within one or more of the exceptions set forth in CPLR §1602.

40. That as a result of the defendants' negligence as aforesaid, the plaintiff, decedent, ANTONIDE DORCE, sustained conscious pain and suffering and preimpact terror thereby sustaining damages in an amount exceeding the jurisdictional limits of all the lower Courts.

### AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF BETTY DORCE EXUME, as ADMINISTRATRIX OF THE ESTATE OF ANTONIDE DORCE, deceased

41. That at all times hereinafter mentioned, the plaintiff, BETTY DORCE EXUME, repeats, reiterates and realleges each and every allegation contained in the paragraphs of this Complaint designated as "1" through "40" herein, as though more fully set forth herein at length.

42. That at all times hereinafter mentioned, the plaintiff, BETTY DORCE EXUME, was the lawful daughter of the plaintiff, decedent, ANTONIDE DORCE, and as such plaintiff, BETTY DORCE EXUME, was entitled to the society and services of the plaintiff, the decedent, ANTONIDE

12/01/2006 FRI 15:08 FAX 012/018
Case 2:06-cv-06648-SPK-DW Document 1-2 Filed 04/24/2006 Page 6 of 11

DORCE.

43. By reason of the afore-described negligence of the defendants, the plaintiff, BETTY DORCE EXUME, was deprived of the society and services of the plaintiff, decedent, ANTONIDE DORCE, and shall forever be deprived of said society and services.

44. As a result of the afore-described negligence, the plaintiff, BETTY DORCE EXUME, has expended diverse sums of money in payment of the expenses incurred for medical care, treatment and hospitalization for the plaintiff, decedent, ANTONIDE DORCE.

45. That by reason of the foregoing negligence on the part of the defendants, the plaintiff, BETTY DORCE EXUME, has been damaged in an amount exceeding the jurisdictional limits of all lower Courts.

### AS AND FOR A FIFTH CAUSE OF ACTION
### ON BEHALF OF JACQUELINE BERTRAND

46. That at all times hereinafter mentioned, plaintiff, JACQUELINE BERTRAND, repeats, reiterates and realleges each and every allegation contained in the paragraphs of this Complaint designated as "1" through "45" herein, as though more fully set forth herein at length.

47. That on August 28, 2006, and at all times hereinafter mentioned, the plaintiff, JACQUELINE BERTRAND, was a legal passenger in the bus designated as bus number 4014.

48. That on August 28, 2006, the aforesaid bus skidded off the road crashing through a guardrail which caused the bus to plunge down a steep embankment.

49. That solely by reason of the defendants' aforementioned negligence in the ownership, operation and control of their vehicle, plaintiff, JACQUELINE BERTRAND, was caused to sustain serious and permanent personal injuries and resulting damage.

50. That as a result of the foregoing, the plaintiff, JACQUELINE BERTRAND, suffered a "serious injury" as set forth in Section 5102 subdivision (d), of the Insurance Law of the State of New York and economic loss greater than basic economic loss.

51. That by reason of the foregoing and the negligence of the said defendants, this plaintiff, JACQUELINE BERTRAND, sustained serious, severe, and permanent injuries to her head, back, legs, left arm, hip, left elbow and ribs, still suffers and will continue to suffer for some time, great physical and

mental pain and serious bodily injury; became sick, sore, lame and disabled and so remained for a considerable length of time.

52. That by reason of the wrongful, negligent and unlawful actions of the defendants, as aforesaid, the plaintiff, JACQUELINE BERTRAND, sustained serious injuries as defined in the Insurance Law of the State of New York, and has sustained economic loss greater than basic economic loss as defined in said Insurance Law.

53. That by reason of the foregoing and the negligence of the said defendants, the plaintiff, JACQUELINE BERTRAND, is informed and verily believes her aforesaid injuries are permanent and that she will permanently suffer from the effects of her aforesaid injuries and she will be caused to suffer permanent embarrassment and continuous pain and inconvenience.

54. That by reason of the foregoing, this plaintiff, JACQUELINE BERTRAND, was compelled and did necessarily require medical aid and attention and did necessarily pay and become liable therefore, for medicines and upon information and belief, the plaintiff, JACQUELINE BERTRAND, will necessarily incur similar expenses.

55. That by reason of the wrongful, negligent and unlawful actions of the defendants, as aforesaid, the plaintiff, JACQUELINE BERTRAND, was severely injured, bruised and wounded, suffered, still suffers, and will continue to suffer for some time great physical pain and great bodily injuries and became sick, sore, lame and disabled and so remained for a considerable length of time.

56. That as a result of the defendants' negligence as aforesaid, this plaintiff, JACQUELINE BERTRAND, has sustained damages in an amount exceeding the jurisdictional limits of all lower Courts.

### AS AND FOR A SIXTH CAUSE OF ACTION ON BEHALF OF MARIE LILIANE MILARD

57. That at all times hereinafter mentioned, plaintiff, MARIE LILIANE MILARD, repeats, reiterates and realleges each and every allegation contained in the paragraphs of this Complaint designated as "1" through "56" herein, as though more fully set forth herein at length.

58. That on August 28, 2006, and at all times hereinafter mentioned, the plaintiff, MARIE LILIANE MILARD, was a legal passenger in the bus designated as bus number 4014.

59. That on August 28, 2006, the aforesaid bus skidded off the road crashing through a

guardrail which caused the bus to plunge down a steep embankment.

60. That solely by reason of the defendants' aforementioned negligence in the ownership, operation and control of their vehicle, plaintiff, MARIE LILIANE MILARD, was caused to sustain serious and permanent personal injuries and resulting damage.

61. That as a result of the foregoing, the plaintiff, MARIE LILIANE MILARD, suffered a "serious injury" as set forth in Section 5102 subdivision (d), of the Insurance Law of the State of New York and economic loss greater than basic economic loss.

62. That by reason of the foregoing and the negligence of the said defendants, the plaintiff, MARIE LILIANE MILARD, sustained serious, severe, and permanent injuries to her head, neck, back, shoulder, right and left knees, and chest and still suffers and will continue to suffer for some time, great physical and mental pain and serious bodily injury; became sick, sore, lame and disabled and so remained for a considerable length of time.

63. That by reason of the wrongful, negligent and unlawful actions of the defendants, as aforesaid, the plaintiff, MARIE LILIANE MILARD, sustained serious injuries as defined in the Insurance Law of the State of New York, and has sustained economic loss greater than basic economic loss as defined in said Insurance Law.

64. That by reason of the foregoing and the negligence of the said defendants, the plaintiff, MARIE LILIANE MILARD, is informed and verily believes her aforesaid injuries are permanent and that she will permanently suffer from the effects of her aforesaid injuries and she will be caused to suffer permanent embarrassment and continuous pain and inconvenience.

65. That by reason of the foregoing, this plaintiff, MARIE LILIANE MILARD, was compelled and did necessarily require medical aid and attention and did necessarily pay and become liable therefore, for medicines and upon information and belief, the plaintiff, MARIE LILIANE MILARD, will necessarily incur similar expenses.

66. That by reason of the wrongful, negligent and unlawful actions of the defendants, as aforesaid, the plaintiff, MARIE LILIANE MILARD, was severely injured, bruised and wounded, suffered, still suffers, and will continue to suffer for some time great physical pain and great bodily

injuries and became sick, sore, lame and disabled and so remained for a considerable length of time.

67. That as a result of the defendants' negligence as aforesaid, this plaintiff, MARIE LILIANE MILARD, has sustained damages in an amount exceeding the jurisdictional limits of all lower Courts.

**WHEREFORE**, the plaintiff, BETTY DORCE EXUME, as ADMINISTRATRIX OF THE ESTATE OF ANTONIDE DORCE, deceased, demands judgment both compensatory and exemplary in an amount exceeding the jurisdictional limits of all lower Courts, on the **First Cause of Action**; plaintiff, BETTY DORCE EXUME, as ADMINISTRATRIX OF THE ESTATE OF ANTONIDE DORCE, deceased, demands judgment both compensatory and exemplary in an amount exceeding the jurisdictional limits of all lower Courts, on the **Second Cause of Action**; plaintiff, BETTY DORCE EXUME, as ADMINISTRATRIX OF THE ESTATE OF ANTONIDE DORCE, deceased, demands judgment both compensatory and exemplary in an amount exceeding the jurisdictional limits of all lower Courts, on the **Third Cause of Action**; plaintiff, BETTY DORCE EXUME, as ADMINISTRATRIX OF THE ESTATE OF ANTONIDE DORCE, deceased, demands judgment both compensatory and exemplary in an amount exceeding the jurisdictional limits of all lower Courts, on the **Fourth Cause of Action**; plaintiff, JACQUELINE BERTRAND, demands judgment both compensatory and exemplary in an amount exceeding the jurisdictional limits of all lower Courts, on the **Fifth Cause of Action**; plaintiff, MARIE LILIANE MILARD, demands judgment both compensatory and exemplary in an amount exceeding the jurisdictional limits of all lower Courts, on the **Sixth Cause of Action**; together with attorneys' fees and the costs and disbursements of this action.

DATED: Brooklyn, New York
October 30, 2006

Yours, etc.

SCOTT E. RYNECKI, ESQ.
RUBENSTEIN & RYNECKI, ESQS.
Attorneys for Plaintiffs
BETTY DORCE EXUME, as
ADMINISTRATRIX OF THE ESTATE OF
ANTONIDE DORCE, deceased, and BETTY

## ATTORNEY'S VERIFICATION BY AFFIRMATION

**SCOTT E. RYNECKI, ESQ.**, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an attorney at RUBENSTEIN & RYNECKI, ESQS., attorneys of record for the Plaintiffs, I have read the annexed

## SUMMONS AND COMPLAINT

and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

The reason I make the foregoing affirmation instead of the Plaintiffs is because the Plaintiffs is/are not presently in the County wherein the attorneys for the Plaintiffs maintain their offices.

Dated: Brooklyn, New York
October 30, 2006

SCOTT E. RYNECKI, ESQ.