Case 2:06-cv-05289-JS-WDW Document 4 Filed 04/24/2006 Page 1 of 12

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
BETTY DORCE EXUME, as ADMINISTRATRIX OF THE     VERIFIED
ESTATE OF ANTONIDE DORCE, deceased, and BETTY     ANSWER
DORCE EXUME, individually, JACQUELINE BERTRAND
and MARIE LILIANE MILARD,     JURY TRIAL
    DEMANDED
                                                      Plaintiffs,

    Docket No.: 06-6540

           -against-

GREYHOUND LINES, INC.,     ECF CASE

                                                    Defendants.
------------------------------------------------------------------------X

       Defendant, GREYHOUND LINES, INC., by their attorneys, Ahmuty, Demers & McManus, Esqs., as and for their Verified Answer to plaintiff's Verified Complaint alleges as follows upon information and belief:

### AS AND FOR AN ANSWER TO THE FIRST CAUSE OF ACTION

       **FIRST:** Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "1" of the verified complaint.

       **SECOND:** Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "2" of the verified complaint and respectfully refers all questions of law to the Honorable Court.

       **THIRD:** Denies upon information and belief each and every allegation contained in paragraph designated "3" of the verified complaint.

       **FOURTH:** Denies upon information and belief each and every allegation contained in paragraph designated "4" of the verified complaint.

Click Here & Upgrade
Expanded Features
Unlimited Pages

FIFTH:   Admits each and every allegation contained in paragraph designated "5" of the verified complaint.

SIXTH:   Admits each and every allegation contained in paragraph designated "6" of the verified complaint.

SEVENTH:   Denies upon information and belief each and every allegation contained in paragraph designated "7" of the verified complaint.

EIGHTH:   Denies upon information and belief each and every allegation contained in paragraph designated "8" of the verified complaint except admits that on August 28, 2006, RONALD BURGESS was an employee of the defendant, GREYHOUND LINES, INC., and operated a bus.

NINTH:   Denies upon information and belief each and every allegation contained in paragraph designated "9" of the verified complaint except admits that on August 28, 2006, RONALD BURGESS was an employee of the defendant, GREYHOUND LINES, INC.

TENTH:   Denies upon information and belief each and every allegation contained in paragraph designated "10" of the verified complaint except admits that on August 28, 2006, RONALD BURGESS was an employee of the defendant, GREYHOUND LINES, INC., and operated a bus.

ELEVENTH:   Denies upon information and belief each and every allegation contained in paragraph designated "11" of the verified complaint except admits that on August 28, 2006, RONALD BURGESS was an employee of the defendant, GREYHOUND LINES, INC., and operated a bus with the knowledge, permission and consent of the defendant, GREYHOUND LINES, INC.

Click Here & Upgrade
Expanded Features
Unlimited Pages
PDF Complete
Documents

TWELFTH: Denies upon information and belief each and every allegation contained in paragraph designated "12" of the verified complaint except admits that on August 28, 2006, RONALD BURGESS was employed by the defendant, GREYHOUND LINES, INC.

THIRTEENTH: Denies upon information and belief each and every allegation contained in paragraph designated "13" of the verified complaint except admits that on August 28, 2006, RONALD BURGESS, an employee of the defendant, GREYHOUND LINES, INC., was operating a bus within the scope of his employment.

FOURTEENTH: Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "14" of the verified complaint.

FIFTEENTH: Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "15" of the verified complaint and respectfully refers all questions of law to the Honorable Court.

SIXTEENTH: Denies upon information and belief each and every allegation contained in paragraph designated "16" of the verified complaint.

SEVENTEENTH: Denies upon information and belief each and every allegation contained in paragraph designated "17" of the verified complaint.

EIGHTEENTH: Denies upon information and belief each and every allegation contained in paragraph designated "18" of the verified complaint.

NINETEENTH: Denies upon information and belief each and every allegation contained in paragraph designated "19" of the verified complaint and respectfully refers all questions of law to the Honorable Court.

TWENTIETH: Denies upon information and belief each and every allegation contained in paragraph designated "20" of the verified complaint.

Case 2:06-cv-05289-SJF-WDW Document 4   Filed 04/24/2006   Page 3 of 12

Click Here & Upgrade
Expanded Features
Unlimited Pages
PDF Complete Documents

TWENTY-FIRST: Denies upon information and belief each and every allegation contained in paragraph designated "21" of the verified complaint.

TWENTY-SECOND: Denies upon information and belief each and every allegation contained in paragraph designated "22" of the verified complaint and respectfully refers all questions of law to the Honorable Court.

TWENTY-THIRD: Denies upon information and belief each and every allegation contained in paragraph designated "23" of the verified complaint and respectfully refers all questions of law to the Honorable Court.

TWENTY-FOURTH: Denies upon information and belief each and every allegation contained in paragraph designated "24" of the verified complaint and respectfully refers all questions of law to the Honorable Court.

TWENTY-FIFTH: Denies upon information and belief each and every allegation contained in paragraph designated "25" of the verified complaint and respectfully refers all questions of law to the Honorable Court.

## AS AND FOR AN ANSWER TO THE SECOND CAUSE OF ACTION

TWENTY-SIXTH: Defendant, GREYHOUND LINES, INC., repeats, reiterates and realleges each and every denial in answer to paragraphs "1" through "25" as if more specifically set forth in answer to paragraph designated "26" of the verified complaint and each and every part thereof.

TWENTY-SEVENTH: Denies upon information and belief each and every allegation contained in paragraph designated "27" of the verified complaint.

TWENTY-EIGHTH: Denies upon information and belief each and every allegation contained in paragraph designated "28" of the verified complaint.

Click Here & Upgrade
Expanded Features
Unlimited Pages
PDF Complete
Documents

TWENTY-NINTH: Denies upon information and belief each and every allegation contained in paragraph designated "29" of the verified complaint and respectfully refers all questions of law to the Honorable Court.

AS AND FOR AN ANSWER TO THE THIRD CAUSE OF ACTION

THIRTIETH: Defendant, GREYHOUND LINES, INC., repeats, reiterates and realleges each and every denial in answer to paragraphs "1" through "29" as if more specifically set forth in answer to paragraph designated "30" of the verified complaint and each and every part thereof.

THIRTY-FIRST: Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "31" of the verified complaint.

THIRTY-SECOND: Denies upon information and belief each and every allegation contained in paragraph designated "32" of the verified complaint and respectfully refers all questions of law to the Honorable Court.

THIRTY-THIRD: Denies upon information and belief each and every allegation contained in paragraph designated "33" of the verified complaint and respectfully refers all questions of law to the Honorable Court.

THIRTY-FOURTH: Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "34" of the verified complaint.

THIRTY-FIFTH: Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "35" of the verified complaint.

THIRTY-SIXTH: Denies upon information and belief each and every allegation contained in paragraph designated "36" of the verified complaint except admits that on August

28, 2006, RONALD BURGESS, was an employee of the defendant, GREYHOUND LINES, INC., and operated a bus.

THIRTY-SEVENTH: Denies upon information and belief each and every allegation contained in paragraph designated "37" of the verified complaint.

THIRTY-EIGHTH: Denies upon information and belief each and every allegation contained in paragraph designated "38" of the verified complaint and respectfully refers all questions of law to the Honorable Court.

THIRTY-NINTH: Denies upon information and belief each and every allegation contained in paragraph designated "39" of the verified complaint and respectfully refers all questions of law to the Honorable Court.

FORTIETH: Denies upon information and belief each and every allegation contained in paragraph designated "40" of the verified complaint and respectfully refers all questions of law to the Honorable Court.

## AS AND FOR AN ANSWER TO THE FOURTH CAUSE OF ACTION

FORTY-FIRST: Defendant, GREYHOUND LINES, INC., repeats, reiterates and realleges each and every denial in answer to paragraphs "1" through "40" as if more specifically set forth in answer to paragraph designated "41" of the verified complaint and each and every part thereof.

FORTY-SECOND: Denies upon information and belief each and every allegation contained in paragraph designated "42" of the verified complaint and respectfully refers all questions of law to the Honorable Court.

FORTY-THIRD: Denies upon information and belief each and every allegation contained in paragraph designated "43" of the verified complaint.



FORTY-FOURTH:   Denies upon information and belief each and every allegation contained in paragraph designated "44" of the verified complaint.

FORTY-FIFTH:   Denies upon information and belief each and every allegation contained in paragraph designated "45" of the verified complaint and respectfully refers all questions of law to the Honorable Court.

AS AND FOR AN ANSWER TO THE FIFTH CAUSE OF ACTION

FORTY-SIXTH:   Defendant, GREYHOUND LINES, INC., repeats, reiterates and realleges each and every denial in answer to paragraphs "1" through "45" as if more specifically set forth in answer to paragraph designated "46" of the verified complaint and each and every part thereof.

FORTY-SEVENTH: Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "47" of the verified complaint.

FORTY-EIGHTH:   Denies upon information and belief each and every allegation contained in paragraph designated "48" of the verified complaint.

FORTY-NINTH:   Denies upon information and belief each and every allegation contained in paragraph designated "49" of the verified complaint.

FIFTIETH:   Denies upon information and belief each and every allegation contained in paragraph designated "50" of the verified complaint and respectfully refers all questions of law to the Honorable Court.

FIFTY-FIRST:   Denies upon information and belief each and every allegation contained in paragraph designated "51" of the verified complaint.

FIFTY-SECOND: Denies upon information and belief each and every allegation contained in paragraph designated "52" of the verified complaint and respectfully refers all questions of law to the Honorable Court.

FIFTY-THIRD: Denies upon information and belief each and every allegation contained in paragraph designated "53" of the verified complaint.

FIFTY-FOURTH: Denies upon information and belief each and every allegation contained in paragraph designated "54" of the verified complaint.

FIFTY-FIFTH: Denies upon information and belief each and every allegation contained in paragraph designated "55" of the verified complaint.

FIFTY-SIXTH: Denies upon information and belief each and every allegation contained in paragraph designated "56" of the verified complaint and respectfully refers all questions of law to the Honorable Court.

AS AND FOR AN ANSWER TO THE SIXTH CAUSE OF ACTION

FIFTY-SEVENTH: Defendant, GREYHOUND LINES, INC., repeats, reiterates and realleges each and every denial in answer to paragraphs "1" through "56" as if more specifically set forth in answer to paragraph designated "57" of the verified complaint and each and every part thereof.

FIFTY-EIGHTH: Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "58" of the verified complaint.

FIFTY-NINTH: Denies upon information and belief each and every allegation contained in paragraph designated "59" of the verified complaint.

SIXTIETH: Denies upon information and belief each and every allegation contained in paragraph designated "60" of the verified complaint.

SIXTY-FIRST: Denies upon information and belief each and every allegation contained in paragraph designated "61" of the verified complaint and respectfully refers all questions of law to the Honorable Court.

SIXTY-SECOND: Denies upon information and belief each and every allegation contained in paragraph designated "62" of the verified complaint.

SIXTY-THIRD: Denies upon information and belief each and every allegation contained in paragraph designated "63" of the verified complaint and respectfully refers all questions of law to the Honorable Court.

SIXTY-FOURTH: Denies upon information and belief each and every allegation contained in paragraph designated "64" of the verified complaint.

SIXTY-FIFTH: Denies upon information and belief each and every allegation contained in paragraph designated "65" of the verified complaint.

SIXTY-SIXTH: Denies upon information and belief each and every allegation contained in paragraph designated "66" of the verified complaint.

SIXTY-SEVENTH: Denies upon information and belief each and every allegation contained in paragraph designated "67" of the verified complaint and respectfully refers all questions of law to the Honorable Court.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

SIXTY-EIGHTH: That the personal injuries and/or damages alleged to have been sustained by the plaintiff were caused entirely or in part through the culpable conduct of the plaintiff, without any negligence on the part of the answering defendant and the answering defendant seeks a dismissal or reduction in any recovery that may be had by the plaintiff in the

Click Here & Upgrade
Expanded Features
Unlimited Pages
PDF Complete Documents

proportion which the culpable conduct, attributable to the plaintiff, bears to the entire measure of responsibility for the occurrence.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

SIXTY-NINTH: That Plaintiff has not sustained a serious injury, as defined in Section 5102(d) of the Insurance Law, or economic loss greater than basic economic loss, as defined in Section 5102(a) of the Insurance Law.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

SEVENTIETH: If it be determined that the plaintiff failed to use available seatbelts, the answering defendant pleads this fact in mitigation of damages.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

SEVENTY-FIRST: Upon information and belief, any past or future costs or expenses incurred or to be incurred by the plaintiff for medical care, dental care, custodial care or rehabilitative services, loss of earnings or other economic loss, has been or will with reasonable certainty be replaced or indemnified in whole or in part from collateral source as defined in Section 4545(c) of the New York Civil Practice Law and Rules.

SEVENTY-SECOND: If any damages are recoverable against said defendants, the amount of such damages shall be diminished by the amount of the funds which plaintiff has or shall receive from such collateral source.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

SEVENTY-THIRD: Pursuant to CPLR 1603, this answering defendant asserts the limitations contained in CPLR 1601 and 1602 and all rights contained therein.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

SEVENTY-FOURTH: That the proper venue for this matter is the Northern District of New York.

WHEREFORE, the defendant, GREYHOUND LINES, INC., demands judgment dismissing the plaintiff's complaint on the merits; and if the plaintiff is found to have contributed to the accident or damages, that any damages be reduced in proportion to which the plaintiff may be found to have so contributed to the accident and damages together with the costs and disbursements of this action.

Dated: New York, New York
December 12, 2006

By: _____
BRIAN DONNELLY, ESQ. ((BJD- 4759)
Ahmuty, Demers & McManus, Esqs.
Attorneys for Defendant, GREYHOUND LINES, INC.
200 I.U. Willets Road
Albertson, New York 11507
(516) 294-5433
Our File No.: GRH 1155F6 BJD

STATE OF NEW YORK)
: SS.:
COUNTY OF NEW YORK)

BRIAN DONNELLY, being duly sworn, deposes and says:

That he is a member of the law firm of AHMUTY, DEMERS & McMANUS, the attorneys for the defendant, GREYHOUND LINES, INC., in the above entitled action; that he has read and knows the contents of the foregoing VERIFIED ANSWER and that same is true to his own knowledge, except as to those matters therein stated to be alleged on information and belief and that as to those matters he believes it to be true.

Deponent further says that the grounds for his belief as to all matters therein stated upon information and belief are statements made to him by the defendant and papers and documents received by deponent from the defendant or its representative and which are now in his possession.

Deponent further says that the reason why this verification is made by deponent and not by the defendant is that defendant is not within the County of New York, where deponent has his office.

BRIAN J. DONNELLY

Sworn To Before Me This
12th day of December, 2006.

ALYCIA KATHERINE STEVENSON
Notary Public, State of New York
No. 02ST6147344
Qualified in Nassau County
Commission Expires May 30, 20 10