FABIANI COHEN & HALL, LLP
ATTORNEYS AT LAW

570 LEXINGTON AVENUE
NEW YORK, NEW YORK 10022

(212) 644-4420
FAX (212) 207-8182

April 10, 2007

**VIA ECF**
Magistrate Judge William D. Wall
100 Federal Plaza
Central Islip, NY 11722-9014

Re: Betty Dorce Exume, et al. v. Greyhound Lines, Inc.
Our File No.: 818.34464
Civ. 06 6540

Dear Judge Wall:

This office represents the defendant Greyhound Lines, Inc. in the above matter. I am writing in connection with the initial conference which is scheduled for April 12, 2007. I would like to bring to the Court's attention several issues which I intend to raise at the conference and which could have an effect on the discovery schedule in this case.

## BACKGROUND

As the court may recall, this case arises out of an August 28, 2006 bus accident which occurred in upstate New York (in Essex County) when a Greyhound bus, traveling to Montréal, Canada, went off the road. A copy of the Police Accident Report is enclosed. Five people were killed, including the Greyhound bus driver, and many of the passengers on the bus are claiming injuries. To date, in addition to this action (4 plaintiffs), four actions have been commenced in the Southern District of New York: Anderson v. Greyhound and Laidlaw, 06 Civ. 13371(1 plaintiff), Breton v. Greyhound, 06 Civ. 07110 (3 plaintiffs), Santiago v. Greyhound, 06 Civ. 07108 (4 plaintiffs) and Wang v. Greyhound, 06 Civ. 11382 (1 plaintiff). All of the Southern District cases are assigned to Judge Peter K. Leisure. This office represents Greyhound in the Southern District actions. There is also an action pending in Texas State Court, Bedard, et al v. Greyhound, 06-09626, 116th Judicial District Court of Dallas County (17 plaintiffs). To date, 30 plaintiffs have commenced litigation against Greyhound in 3 different venues as a result of the August 28th bus accident. There were 50 passengers on the bus and it is anticipated that additional actions may be commenced.

## DISCOVERY AND MOTION PRACTICE

### This Action

In this action Greyhound served its Rule 26 Initial Disclosures on February 16, 2007. The plaintiff's served their Automic Disclosure on March 27, 2007 and also served Combined

Discovery Demands at the same time -- although the parties have not yet held a Rule 26 (f) conference.

### Texas Action

On February 26, 2007 Greyhound's Texas counsel filed a motion to dismiss the Texas action on forum non-conveniens grounds, pursuant to Texas Civil Practice & Remedies Code, Section 71.051 (b). The basis of the motion is that none of the plaintiffs in the Texas action reside in Texas. Texas' forum non-conveniens statute specifically provides for a motion to dismiss where none of the plaintiffs is a Texas resident. In the Texas action, one plaintiff resides in France, two plaintiffs reside in New York and the remainder of the plaintiffs reside in Canada. A hearing on the motion is scheduled for May 15, 2007. It is anticipated that the motion to dismiss will be granted and presumably the action will be re-commenced in New York State. There has been minimal discovery to date in the Texas action due to the pending motion to dismiss. The plaintiffs in the Texas action have served discovery requests in connection with the motion to dismiss, as permitted by Texas law.

### Southern District

There has been little discovery in the Southern District actions other than Rule 26 Initial Disclosures. A Rule 26(f) conference has not been held nor is there a discovery schedule. Several weeks ago there was a conference before Judge Leisure. At that time Judge Leisure was made aware of this case as well as the Texas action. The Judge was also advised of an ongoing investigation of the August 28, 2006 bus accident by the National Transportation Safety Board ("NTSB"). Judge Leisure adjourned the Southern District actions until May 24, 2007 -- after the hearing in Texas. Judge Leisure wanted to know the result of the Texas hearing before deciding whether to set a discovery schedule in the Southern District cases.

### ISSUES TO BE RAISED AT APRIL 12, 2007 CONFERENCE

At the April 12, 2007 conference before Your Honor, the undersigned would like to raise various issues including the following:

(1)     Consolidation and transfer -- Greyhound intends to serve appropriate motions which will seek to consolidate the pending New York actions and transfer them (pursuant to 28 U.S.C. 1404) to the Federal District where the accident occurred i.e. the Northern District of New York. The bases of the motions to consolidate and transfer will be (among other things) that all of the pending actions which arise out of the bus accident share common questions of law and fact, most of the plaintiffs (bus passengers) live in Canada,  most of the plaintiffs (bus passengers) received their initial medical treatment in upstate New York and numerous witnesses (responding and investigating New York State Troopers as well as numerous emergency medical personnel) are located in upstate New York. Greyhound will be requesting joint discovery in all the actions so as to avoid the possibility of the same Greyhound witnesses being produced multiple times in the various actions. I asked the plaintiffs' counsel in this action if the plaintiffs

Magistrate Judge Wall
Re: Betty Dorce Exume
April 10, 2007
Page 3

would consent to at least joining the Southern District actions. The plaintiffs' counsel would not consent.

(2)     Impleader -- Another "issue" is the possible impleader of the manufacturer of the tires on the Greyhound bus at the time of the accident, Goodyear Tire and Rubber Company (the enclosed preliminary Police Accident Report indicates that immediately before the bus accident the bus' "left front tire failed") and/or the manufacturer of the bus, Motor Coach Industries of Winnipeg (many of the plaintiffs allege that there was negligence on the part of the defendant due to a lack of seatbelts in the bus). However, to date only the attached preliminary Police Accident Report is available. The New York State Police has not yet released its complete/final report which will presumably include a reconstruction of the accident, including additional information pertaining to the failure of the left front tire. The NTSB is still actively investigating the accident and has not issued its report. To date, the left front tire that was on the bus at the time of the accident has not been made available to Greyhound for inspection—the NTSB is presently in control of the front tire.

(3)     Discovery -- In addition to the issue of consolidated discovery, the issue of a discovery schedule in this case needs to be addressed. It would be Greyhound's preference to hold off responding to the plaintiffs' Combined Discovery Demands in this case since a Rule 26(f) conference has not been held. Additionally, the 17 Texas plaintiffs may be commencing an action in New York depending upon the results of the May 15, 2007 hearing in the Texas action. Perhaps it would be feasible to hold off on a discovery schedule in this case, as Judge Leisure did in the Southern District cases, at least until the Texas motion to dismiss has been decided. As also mentioned above, it is Greyhound's intention to attempt to have all of the pending cases consolidated and transferred to a single Judge in the Northern District of New York.

The Court's attention to the above is appreciated.

Very truly yours,

Kevin B. Pollak (KBP6098)

KBP/cr

cc:     **VIA FACSIMILE (718) 522-3804 AND ECF**
        Robert Petit, Esquire
        Rubenstein & Rynecki
        Attorneys for Plaintiffs
        16 Court Street, Suite 1717
        Brooklyn, New York 11241

353766.1